UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCEVILLE/LAGUNA APARTMENTS, L.P., <br><br> Plaintiff, <br><br> v. <br><br> JUMNONG KING, et al., <br><br> Defendants. | No. 2:13-cv-1578 JAM CKD PS <br><br> ORDER AND <br><br> FINDINGS AND RECOMMENDATIONS |

This action was removed from state court. Removal jurisdiction statutes are strictly construed against removal. See Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, 980 F.2d 564, 566 (9th Cir. 1992). The party invoking removal bears the burden of establishing federal jurisdiction. Hunter v. Philip Morris USA, 582 F.3d 1039 (9th Cir. 2009). Where it appears the district court lacks subject matter jurisdiction, the case shall be remanded. 28 U.S.C. § 1447(c).

In conclusory fashion, the removal petition alleges the complaint is subject to diversity jurisdiction. The removal petition, however, does not set forth the citizenship of plaintiff and review of the pleadings does not demonstrate that the parties are diverse. Federal question jurisdiction is also lacking. Removal based on federal question jurisdiction is proper only when a

1  federal question is presented on the face of the plaintiff's properly pleaded complaint. <u>Caterpillar</u>
2  <u>Inc. v. Williams</u>, 482 U.S. 386, 392 (1987).  However, the exhibits attached to the removal
3  petition establish the state court action is nothing more than a simple unlawful detainer action,
4  and the state court action is titled as such. Defendants[1] have failed to meet their burden of
5  establishing federal jurisdiction and the matter should therefore be remanded.  <u>See generally</u>
6  <u>Singer v. State Farm Mutual Automobile Insurance Co.</u>, 116 F.3d 373, 375-376 (9th Cir. 1997).
7        Accordingly, IT IS HEREBY ORDERED that:
8        1. The motion to proceed in forma pauperis (ECF No. 2) is denied without prejudice; and
9        IT IS HEREBY RECOMMENDED that the above-entitled action be summarily remanded
10 to the Superior Court of California, County of Sacramento.
11       These findings and recommendations are submitted to the United States District Judge
12 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
13 after being served with these findings and recommendations, any party may file written
14 objections with the court and serve a copy on all parties.  Such a document should be captioned
15 "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections
16 shall be served and filed within seven days after service of the objections.  The parties are advised
17 that failure to file objections within the specified time may waive the right to appeal the District
18 Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
19 Dated: August 8, 2013

          _/s/ Carolyn K. Delaney_
20           CAROLYN K. DELANEY
21           UNITED STATES MAGISTRATE JUDGE

23 4 bruceville-king.remud

---

[1] Both defendants have not joined in the removal petition, as is required under 28 U.S.C. § 1446. Defendant Jumnong King, who removed the action, also has filed a motion to proceed in forma pauperis.  Because co-defendant Jusstanene King has not joined in the motion, the motion to proceed in forma pauperis will be denied without prejudice.